**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **D.B.**

**No. 20-0782 (Wyoming County 20-JD-17, 18, 19)**


**MEMORANDUM DECISION**


Petitioner D.B.,[1] by counsel Timothy P. Lupardus, appeals the September 25, 2020, order of the Circuit Court of Wyoming County, transferring him from juvenile to adult status. Respondent the State of West Virginia, by counsel Patrick Morrisey and Andrea Nease Proper, argues that a transfer to adult status may be appropriate, but concedes that this case should be remanded to the circuit court for further proceedings in accordance with West Virginia Code § 49-4-710, to determine whether petitioner is subject to a mandatory or permissive transfer.

The Court has considered the parties' submissions and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order consistent with this decision.

On September 4, 2020, the Pineville Police Department executed a search warrant on a residence. Petitioner, who was then sixteen years old, was inside the residence at the time of the search. During the search, police recovered over $5,000 in cash and a "large chunk of what [was] believed to be heroin" from another juvenile in the residence. Inside the other juvenile's jacket was a large amount of methamphetamine and a powdery substance. Testing revealed the presence of Fentanyl in the drugs seized.

The State charged petitioner as a delinquent. The charging document noted that he committed three crimes that, if committed by an adult, would constitute felony offenses. Those charges were possession of fentanyl with intent to deliver, possession of heroin with intent to deliver, and possession of methamphetamine with intent to deliver. The State moved to transfer

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

the matter to adult status pursuant to a previous version of the transfer statute, West Virginia Code § 49-5-10(d)(1).[2] At all times relevant to this matter, however, West Virginia Code § 49-4-710, was the operative transfer statute.[3] The State explained that petitioner's crimes were serious in

---

[2] West Virginia Code § 49-5-10(d)(1) was effective until May 17, 2015.

[3] West Virginia Code § 49-4-710 provides, in pertinent part, as follows:

(a) Upon written motion of the prosecuting attorney filed at least eight days prior to the adjudicatory hearing and with reasonable notice to the juvenile, his or her counsel, and his or her parents, guardians or custodians, the court shall conduct a hearing to determine if juvenile jurisdiction **should or must be waived** and the proceeding transferred to the criminal jurisdiction of the court. Any motion filed in accordance with this section is to state, with particularity, the grounds for the requested transfer, including the grounds relied upon as set forth in subsection (d), (e), (f) or (g) of this section, and the burden is upon the state to establish the grounds by clear and convincing evidence. Any hearing held under this section is to be held within seven days of the filing of the motion for transfer unless it is continued for good cause.

. . . .

(c) The court **shall** transfer a juvenile proceeding to criminal jurisdiction if a juvenile who has attained the age of fourteen years makes a demand on the record to be transferred to the criminal jurisdiction of the court. The case may then be referred to magistrate or circuit court for further proceedings, subject to the court's jurisdiction.

(d) The court **shall** transfer a juvenile proceeding to criminal jurisdiction if there is probable cause to believe that:

(1) The juvenile is at least fourteen years of age and has committed the crime of treason under section one, article one, chapter sixty-one of this code; the crime of murder under sections one, two and three, article two of that chapter; the crime of robbery involving the use or presenting of firearms or other deadly weapons under section twelve, article two of that chapter; the crime of kidnapping under section fourteen-a of article two of that chapter; the crime of first degree arson under section one, article three of that chapter; or the crime of sexual assault in the first degree under section three, article eight-b of that chapter;

(2) The juvenile is at least fourteen years of age and has committed an offense of violence to the person which would be a felony if the juvenile was an adult. However, the juvenile has been previously adjudged delinquent for the commission of an offense of violence to the person which would be a felony if the juvenile was an adult; or

(3) The juvenile is at least fourteen years of age and has committed an offense which would be a felony if the juvenile was an adult. However, the juvenile has been twice previously adjudged delinquent for the commission of an offense which would be a felony if the juvenile was an adult.

(continued . . .)

2

(e) The court may transfer a juvenile proceeding to criminal jurisdiction if there is probable cause to believe that the juvenile would otherwise satisfy the provisions of subdivision (1), subsection (d) of this section, but who is younger than fourteen years of age.

. . . .

(g) The court **may**, upon consideration of the juvenile's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and similar personal factors, transfer a juvenile proceeding to criminal jurisdiction if there is probable cause to believe that:

(1) The juvenile, who is at least fourteen years of age, has committed an offense of violence to a person which would be a felony if the juvenile was an adult;

(2) The juvenile, who is at least fourteen years of age, has committed an offense which would be a felony if the juvenile was an adult. However, the juvenile has been previously adjudged delinquent for the commission of a crime which would be a felony if the juvenile was an adult;

(3) The juvenile, who is at least fourteen years of age, used or presented a firearm or other deadly weapon during the commission of a felony; or

(4) The juvenile has committed a violation of section four hundred one, article four, chapter sixty-a of this code which would be a felony if the juvenile was an adult involving the manufacture, delivery or possession with the intent to deliver a narcotic drug. For purposes of this subdivision, the term narcotic drug has the same definition as that set forth in section one hundred one, article one of that chapter;

(5) The juvenile has committed the crime of second degree arson as defined in section two, article three, chapter sixty-one of this code involving setting fire to or burning a public building or church. For purposes of this subdivision, the term public building means a building or structure of any nature owned, leased or occupied by this state, a political subdivision of this state or a county board of education and used at the time of the alleged offense for public purposes. For purposes of this subdivision, the term church means a building or structure of any nature owned, leased or occupied by a church, religious sect, society or denomination and used at the time of the alleged offense for religious worship or other religious or benevolent purpose, or as a residence of a minister or other member of clergy.

(h) For purposes of this section, the term offense of violence means an offense which involves the use or threatened use of physical force against a person.

(i) **If, after a hearing, the court directs the transfer of any juvenile proceeding to criminal jurisdiction, it shall state on the record the findings of fact and conclusions of law upon which its decision is based or shall incorporate findings of fact and conclusions of law in its order directing transfer.**

(j) A juvenile who has been transferred to criminal jurisdiction pursuant to subsection (e), (f) or (g) of this section, by an order of transfer, has the right to either directly appeal an order of transfer to the supreme court of appeals or to appeal the order of transfer following a conviction of the offense of transfer. If the

(continued . . .)

nature, that petitioner's closeness to the age of majority supported a finding that he should be held responsible as an adult, and that petitioner posed a danger to the community. Petitioner objected to this motion noting that he was a high school student, he maintained employment throughout the summer and after school and there was "nothing exceptional in the way of history that would justify the transfer [to adult jurisdiction].". At a hearing on the motion, the State argued that the transfer was appropriate pursuant to West Virginia Code § 49-4-710.

The circuit court found that petitioner was sixteen years old and that he was charged with committing three acts that, if committed by an adult, would constitute felony offenses. Thus, the circuit court granted the State's motion to transfer petitioner to adult jurisdiction. The circuit court's order, however, suggested that the transfer was based on West Virginia Code § 49-5-10(d), that was no longer in effect.

Petitioner appeals. Each of petitioner's four assignments of error attack the circuit court's decision to transfer him to adult jurisdiction. He claims that the circuit (1) court erred in failing to make factual findings regarding petitioner's mental and physical condition, maturity, emotional attitude, home or family environment, school experience, and similar personal factors, as the court failed to take any evidence or proffers; (2) erred in issuing an order relying on a statute which does not exist and interpreting the juvenile transfer as mandatory rather than permissive; (3) erred in failing to make any of the considerations required by West Virginia Code § 49-4-710(g); and (4) relied on an incorrect statute.

"Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 459 S.E.2d 415 (1995). Accordingly, our review the circuit court's application of West Virginia Code § 49-4-710, is de novo.

---

juvenile exercises the right to a direct appeal from an order of transfer, the notice of intent to appeal and a request for transcript is to be filed within ten days from the date of the entry of any order of transfer, and the petition for appeal is to be presented to the Supreme Court of Appeals within forty-five days from the entry of the order of transfer. Article five, chapter fifty-eight of this code pertaining to the appeals of judgments in civil actions applies to appeals under this chapter except as modified in this section. The court may, within forty-five days of the entry of the order of transfer, by appropriate order, extend and reextend the period in which to file the petition for appeal for additional time, not to exceed a total extension of sixty days, as in the court's opinion may be necessary for preparation of the transcript. However, the request for a transcript was made by the party seeking appeal within ten days of entry of the order of transfer. In the event any notice of intent to appeal and request for transcript be timely filed, proceedings in criminal court are to be stayed upon motion of the defendant pending final action of the Supreme Court of Appeals.

(Emphasis added.)

Transfers from juvenile to adult jurisdiction are governed by West Virginia Code § 49-4-710, which provides for both mandatory and permissive transfers. Inasmuch as the circuit court herein did not consider whether petitioner's transfer should be a mandatory or permissive transfer, the State concedes that this case should be remanded so that the circuit court may evaluate whether transfer is mandated under West Virginia Code § 49-4-710(d)(3) or whether permissive transfer should be effectuated in accordance with West Virginia Code § 49-4-710(g).

Upon our review of the record, we agree that the circuit court referenced a transfer statute that was no longer in effect at the time petitioner's transfer was considered. Further, the circuit court failed to make the requisite findings prior to transferring petitioner to adult jurisdiction. Accordingly, we reverse the circuit court's order and remand this matter for further proceedings so that the circuit court may evaluate whether petitioner's transfer is mandated under West Virginia Code § 49-4-710(d)(3) or whether it is a permissive transfer in accordance with West Virginia Code § 49-4-710(g).[4] Further, if the court orders the transfer to criminal jurisdiction, we direct the circuit court to "state on the record the findings of fact and conclusions of law upon which its decision is based or [] incorporate findings of fact and conclusions of law in its order directing transfer" in accordance with West Virginia Code § 49-4-710(i).

For the foregoing reasons, the circuit court's September 25, 2020, order is hereby reversed, and the case is remanded to the circuit court to apply West Virginia Code § 49-4-710, consistent with this decision.

Reversed and remanded with directions.

**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

---

[4] If the circuit court believes that permissive transfer is appropriate, we would instruct the court to consider the "juvenile's mental and physical condition, maturity, emotional attitude, home or family environment, school experience and similar personal factors" as referenced in this section.